NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAELENE GALUSHA; GREG
GALUSHA,

No.   19-16396

Plaintiffs-Appellants,

D.C. No. 4:18-cv-06905-SBA

v.

MEMORANDUM[*]

UNIGARD INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted August 11, 2020[**]
San Francisco, California

Before:  GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Ralene and Greg Galusha appeal the district court's dismissal under Federal

Rule of Civil Procedure 12(b)(6) of the Galushas' breach of contract and related

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

claims against Unigard Insurance Co. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the district court's dismissal under Rule 12(b)(6), *see Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 668 (9th Cir. 2009), we affirm.

After the Galushas' home was destroyed in a wildfire, the Galushas chose to rebuild at a new location rather than at the insured premises. Under the terms of their homeowners insurance policy with Unigard, the Galushas were entitled to "the smallest of the following amounts"—(1) the policy limit ($568,458), (2) the replacement cost of the insured premises ($494,600.35), or (3) the Galushas' actual expenditures in replacing their home ($378,972). When Unigard reimbursed the Galushas for their actual expenditures of $378,972, it therefore complied with the insurance policy.

The district court correctly determined that the Galushas were not entitled to the replacement costs of the insured premises ($494,600.35) under the 2005 version of California Insurance Code section 2051.5(c), which was in effect when the Galushas purchased their insurance policy. That provision prevents insurers from "limit[ing] or den[ying] payment of the replacement cost in the event the insured decides to rebuild or replace the property at a location other than the insured premises." Cal. Ins. Code. § 2051.5(c) (2005). It also states that the measure of a replacement cost indemnity "shall be based upon the replacement cost of the insured property and shall not be based upon the cost to repair, rebuild, or replace at a

location other than the insured premises." *Id.*

Contrary to the Galushas' interpretation, section 2051.5(c) does not state that an insured is entitled to replacement costs; it merely defines how to calculate that measure of indemnity when that is the appropriate measure of recovery. Nothing in section 2051.5(c) prevented Unigard from limiting the Galushas' reimbursement to their actual expenditures, as set forth in the homeowners insurance policy. *See Conway v. Farmers Home Mut. Ins. Co.*, 26 Cal. App. 4th 1185, 1190 (Cal. Ct. App. 1994) (explaining that an actual expenditures indemnity "limit[s] recovery to the amount the insured spent on repair or replacement" and thus "disallow[s] an insured from recovering, in replacement cost proceeds, any amount other than that actually expended" (quotations omitted)).

**AFFIRMED.**